## ROBERT CHAPPELL ET AL. V. THE STATE.

Where, upon a *habeas corpus,* a prisoner had been admitted to bail in the terms of the statute, and after indictment found he failed to appear, and a forfeiture, *nisi,* was entered, it is no sufficient showing by the sureties that after the forfeiture a *capias* had been issued and the principal arrested, and that he escaped from the sheriff.

Sureties can only be relieved by surrendering the principal in term time, or else by making affidavit and having him rearrested. The rearrest, without such affidavit, was without the authority of law. (Paschal's Dig., Art. 2741, Note 711.)

APPEAL from Fayette. The case was tried before Hon. GEORGE W. SMITH, one of the district judges.

On the 30th day of July, 1859, the judge of the first judicial district granted bail to Micajah Clark, in the sum of $6,000, on a charge of the murder of J. C. Alford, after a hearing on a writ of *habeas corpus*, and on that date Clark as principal, with appellants as his sureties, gave their bond, conditioned that said Clark would make his appearance at the fall term, 1859, of the district court of Fayette county, Texas, to answer the charge, &c. At the fall term, 1859, of the district court of said county, the bond was forfeited, and judgment, *nisi*, was rendered against Clark and appellants. *Scire facie* was issued against and served on the sureties.

At the spring term, 1860, the sureties, the appellants, filed their answer, in which they set up, that at the fall term, 1859, they had Clark in attendance; that on the 18th day of November, 1859, during term, a *capias* was issued by the clerk of the court, and in due and legal form, and on the 21st day of said month the sheriff of the county arrested Clark, by virtue of said *capias*, and put him in jail or custody, and whilst so in jail or custody he made his escape from the sheriff on the night of the 22d of November, 1859, whereby the sureties were discharged.

To this answer the state filed a demurrer.

The district judge sustained the demurrer, struck out the answer, and rendered judgment final against Clark and his sureties, appellants, from which they appealed.

*Webb & Jarmon,* for appellants, cited articles 172, 173, and 175 of the Penal Code.

It is true, by article 422, Code of Criminal Procedure, (O. & W. Dig., p; 619,) it is said, "A *capias* shall be immediately issued upon each indictment, on information presented, except where the defendant is already in jail or on bail." But this does not deny the authority to commit or arrest the defendant, given in articles 172 and 173, after he has been indicted. The authority is clear in said articles

that it may be done, and article 173, contemplating such to be the case, expressly gives the person charged the right to apply again to the writ of *habeas corpus.*

*William M. Walton,* for the state.—Article 2884, Paschal's Digest, is conclusive against the points made by appellants to relieve themselves from responsibility on the bail bond.

The causes enumerated in said article are the only causes that will relieve. (Barton v. The State, 24 Tex., 252; State v. Russell, 24 Tex., 506.)

The answer to the judgment, *nisi,* gave no sufficient reason why the judgment should not have been made final. The plea, *nul tiel record,* was withdrawn.

LINDSAY, J.—This appeal is from a final judgment of the district court of Fayette county, upon a forfeited bail bond, entered into by the appellants as the sureties of Micajah Clark, who was charged with the murder of J. C. Alford in 1859. The accused was arrested before indictment found and lodged in jail; he was brought, by writ of *habeas corpus,* before the judge of the district court of the county shortly after his imprisonment, which judge, in vacation, granted him bail. The appellants were his sureties in that bail bond. At the next succeeding term of the court the accused was indicted for murder. The accused failing to appear at that term when duly called, a judgment, *nisi,* was entered against the sureties, and *scire facias* issued against them to show cause, at the following term, why the judgment should not be made final. They responded to the rule at that term, setting up as an excuse for the failure of the accused to appear, that after the indictment was found against him a *capias* had been issued by the clerk immediately upon the filing of the indictment; that the accused was arrested by the sheriff or his deputy by the authority of that *capias,* and, while in the custody of the

sheriff, the prisoner escaped, and so they conclude they are not liable upon the bond for his appearance. We cannot so interpret the law.

Though the law does provide for the issuing of a *capias* upon the filing of an indictment, in every criminal prosecution, in its general terms, yet, in the same law which authorizes its issuance, it excepts cases where the defendant is already in custody or on bail. The issuing of the *capias*, then, in this case, and his arrest under it by the sheriff, and his escape from that illegal duress by the sheriff, does not release or exonerate the sureties from their liability on the bail bond. Such a defense does not conduce to show that, by the act of the sheriff, it was placed beyond their power to exercise the same control over the body of the defendant as they could exercise over him when, by their confidence and trust, they had entered with him into the obligations of the bail bond. The stipulations of that bond are, that the defendant shall appear at a particular term of the court, continue in attendance from term to term, and from day to day, until his final acquittal or conviction and sentence. This is the obligation of the parties to the bond. The issuing of the *capias* by the clerk was a work of supererogation. The only way in which the sureties can relieve themselves from their obligation is to surrender the accused in term time to the sheriff, whose duty it is immediately to take him before the court, where he may forthwith give other bail; or, they may surrender him in vacation by making a written affidavit of such intention, and obtain a warrant for his arrest, which is the only authority of a sheriff to interfere with the personal liberty of any party on bail.

The ruling of the court below, upon the demurrer to the response of the appellants, was right, and the judgment therefore will not be disturbed. It is

AFFIRMED.